**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIC F. FREED, D.C.,** ***Pro Se*** | : | **CASE NO. 2:26-CV-0520** |
| | : | |
| **Plaintiff,** | : | **JUDGE MARBLEY** |
| | : | **Mag. Judge Shimeall** |
| **vs.** | ; | |
| | : | **ANSWER OF DEFENDANTS, CITY OF BELPRE, OHIO, PATROLMAN G.W. SMITH, AND SGT. J.R. FIELDS, TO PLAINTIFF'S COMPLAINT** |
| **CITY OF BELPRE, OHIO,** ***et al.*** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |

**NOW COME DEFENDANTS, City of Belpre, Ohio, Patrolman G.W. Smith, and Sgt. J.R. Fields,** by and through their undersigned counsel, and for their Answer to Plaintiff's Complaint herein aver:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against these answering Defendants upon which relief can be granted.

**SECOND DEFENSE**

1. These Defendants admit the allegations set forth in Paragraphs 5 and 6 of Plaintiff's Complaint.

2. These Defendants deny the allegations set forth in Paragraphs 11, 12, 13, 14, 27, 28, 34, 35, 36, 37, 38, 39, 40, 41, 44, 45, 46, 47, 48, 64, 65, 66, 68, 69, 70, 71, 72, 73, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 98 a, b, and c, 99, 100, 101, 102,

103, 104, 105, 106, 107, 108, 108a and b, and 109 of Plaintiff's Complaint.

3. These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 1, 2, 3, 7, 8, 9, 10, 16, 19, 20, 21, 24, 31, 32, 33, 43, 53, 54, 55, 56, and 60 and for lack of said knowledge or information hereby deny the same.

4. These Defendants admit that the City of Belpre, Ohio is a municipal corporation and are without sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

5. These Defendants admit, as alleged in Paragraph 15 of the Complaint, that numerous police calls to the Belpre Police Department were made; however, these Defendants are without sufficient knowledge or information to admit the remaining allegations set forth in Paragraph 15 of the Complaint and for lack of said knowledge or information hereby deny the same.

6. These Defendants admit that a call to the Belpre Police was made but further answering state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

7. These Defendants admit that the Washington County Sheriff Department was dispatched to the location but further answering state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 18 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

8. These Defendants admit that the Belpre Police Department was called but further answering state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint and for lack of

said knowledge or information hereby deny the same.

9. These Defendants admit that the Belpre Police Department was called but further answering state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 23 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

10. These Defendants admit that the Belpre Police Department was called but further answering state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 25 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

11. These Defendants admit that the Belpre Police Department was called but further answering state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

12. These Defendants admit that they had probable cause to proceed and further answering deny the remaining allegations set forth in Paragraph 29 of Plaintiff's Complaint.

13. These Defendants admit that a criminal complaint was filed and further answering state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 30 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

14. These Defendants admit that Plaintiff was transported to the City building and further answering state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 42 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

15. These Defendants admit to the dismissal of some criminal charges as referenced in Paragraph 49 of Plaintiff's Complaint, but state that the charges were dismissed subject to re-filing and the statute of limitations has not run on the underlying offense(s). See the Marietta Municipal Court docket sheet for Case No. CRB2500510, Entries from 9/3/2025 and 9/30/2025. The docket sheet, as obtained from the publicly accessible Municipal Court's website on 5/20/26, is attached hereto as Exhibit C. Further answering, Defendants state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 49 and therefore deny the same.

16. These Defendants admit that there were some communications between the Belpre Police Department and Plaintiff but are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 50 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

17. These Defendants admit that there were some communications between the City Law Director and Plaintiff but further answering state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 51 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

18. These Defendants admit that there were some communications between the City Law Director and Plaintiff but further answering state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 52 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

19. In response to paragraphs 57 and 58 of the Plaintiff's Complaint, these Defendants admit that there were some public records requests submitted by Plaintiff prior to the initiation of litigation. Throughout the Complaint, Doctor Freed also makes reference to many audio recordings

of the Belpre Police Department, as well as other documents and records relating to his arrest. However, he has not taken the steps to attach the same. To the extent that the Plaintiff has referenced the 911 calls, dispatch calls, evidence collected, incident reports including narrative statements prepared therewith, the 3-day notice, the Rule 4 form and accompanying Affidavit of Facts in Support of Probable Cause; the same are attached hereto as exhibits. The aforementioned documents and other records comprising the Police Department's file on the Freed incidents are attached hereto as Exhibit A. The audio recordings are incorporated herein as Exhibit B and are being manually filed contemporaneously herewith. Forty-plus audio recordings were produced to Dr. Freed as part of the City's responses to his public records requests. The City is only manually filing the audio recordings which it believes are pertinent to the allegations raised / referenced in the Complaint. However, the OneDrive link containing all of the records produced to Dr. Freed in response to his public records request (besides those sent via separate e-mail transmission) is copied here for reference: https://bakerfirmlaw-my.sharepoint.com/:f:/g/personal/bbowland_bakerfirm_com/IgDNKr7nFIWPQooE7e_VSQ6bAWg7HE7HU-34EnpO1NcaCsk?e=Y2whJ9. Further answering, Defendants state that they are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraphs 57 and 58 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

20. These Defendants admit that a response to Plaintiff's record requests were made but further answering state that they are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraphs 59, 60, 61, and 63 of Plaintiff's Complaint and for lack of said knowledge or information hereby deny the same.

21. These Defendants admit that a letter from Attorney Lute to Dr. Freed was issued dated

April 8, 2026, was copied to Law Director Webster, and the language of the same speaks for itself. Defendants deny any remaining allegations of paragraph 62 of Plaintiff's Complaint.

22. The Fourth Amendment to the United States Constitution speaks for itself and to the extent that the text set forth in Paragraphs 67 and 74 of Plaintiff's Complaint differ from the text of the Amendment, those allegations are denied.

**THIRD DEFENSE**

These Defendants deny each and every allegation set forth in Plaintiff's Complaint not herein specifically admitted to be true.

**FOURTH DEFENSE**

The damages or injuries of which Plaintiff complains were caused in whole or in part by Plaintiff himself or persons or entities over whom these answering Defendants had no legal responsibility to exercise control.

**FIFTH DEFENSE**

Plaintiff has failed to join necessary parties herein and to the extent of said failure his damages claims are barred.

**SIXTH DEFENSE**

To the extent that any state court made a finding of probable cause associated with the police conduct described in Plaintiff's Complaint, Plaintiff's false arrest claims are barred.

**SEVENTH DEFENSE**

Plaintiff assumed the risk associated with his negligent and/or criminal conduct, repeatedly disregarded lawful commands of police officers and otherwise obstructed the official business of police officers under lawful dispatch and to the extent of said conduct Plaintiff is responsible for his own damages and his claims against these answering Defendants are barred.

**EIGHTH DEFENSE**

These Defendants assert all affirmative defenses set forth in Ohio's Sovereign Immunity Statute and Revised Code §2744.01, *et seq.,* and further claim immunity and qualified immunity for their conduct as to the law enforcement officers under lawful dispatch relative to all circumstances and conduct referenced in the Complaint.

**NINTH DEFENSE**

The conduct of the Defendant Officers was objectively reasonable, based upon probable cause, and was made in self-defense.

**TENTH DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**ELEVENTH DEFENSE**

Plaintiff's Complaint is barred by operation of the doctrines of accord and satisfaction, settlement and release.

**TWELFTH DEFENSE**

Defendants are entitled to a deduction and/or setoff against damages for any benefits received from any policy of insurance or other sources.

**THIRTEENTH DEFENSE**

There is an exception in the Sovereign Immunity Statute for intentional torts, and to the extent that any claim raised in Plaintiff's Complaint is intentional, then Plaintiff's said claims are barred.

**FOURTEENTH DEFENSE**

Plaintiff's claims are barred by *res judicata¸* laches, and claim preclusion.

**FIFTEENTH DEFENSE**

With regard to any public records requests that were submitted by Plaintiff, they were timely

responded to by the entity and/or individuals directed by the entity to respond and consistent with all statutory obligations set forth under the records production statute.

**SIXTEENTH DEFENSE**

There was no policy, custom, or practice that resulted in any constitutional violation of the Plaintiff's rights.

**SEVENTEENTH DEFENSE**

The allegations in the Plaintiff's complaint are barred based upon principles of collateral estoppel and *res judicata*, and the Plaintiff did not prevail in the criminal prosecution in that the criminal charges were dismissed subject to re-filing and the statute of limitations for the underlying criminal offense(s) has not expired.

WHEREFORE, having fully answered, Defendants, City of Belpre, Ohio, Patrolman G.W. Smith and Sgt. J.R. Fields, request that the Plaintiff's complaint be dismissed, with costs assessed against the Plaintiff.

Respectfully Submitted,

/s/ *Brittany A. Bowland*
Gregory A. Beck (0018260)
Mel L. Lute, Jr. (0046752)
Brittany A. Bowland (0100126)
BAKER | DUBLIKAR
400 South Main Street
North Canton, Ohio 44720
Phone: (330) 499-6000
Fax: (330) 499-6423
Email: beck@bakerfirm.com
lute@bakerfirm.com
bbowland@bakerfirm.com
***Counsel for Defendants, City of Belpre, Ohio; Patrolman G.W. Smith; and Sgt. J.R. Fields***

## JURY DEMAND

These Defendants demand a trial by jury as to all issues of the within matter.

/s/ *Brittany A. Bowland*
Gregory A. Beck (0018260)
Mel L. Lute, Jr. (0046752)
Brittany A. Bowland (0100126)
BAKER | DUBLIKAR

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A true and accurate copy of the foregoing **ANSWER TO COMPLAINT** was also served by electronic transmission and/or regular US Mail on the following individuals this 20th day of May, 2026.

Eric F. Freed, D.C., *Pro Se*
604 Washington Blvd.
Belpre, Ohio 45714
Email: docfreed@hotmail.com

/s/ *Brittany A. Bowland*
Gregory A. Beck (0018260)
Mel L. Lute, Jr. (0046752)
Brittany A. Bowland (0100126)